UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LINDSEY SISSON, | Case No. 23-CV-0548 (NEB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN MICHAEL SEGAL, | |
| Respondent. | |

The First Step Act of 2018 ("FSA") mandates that the Department of Justice develop and implement "a risk and needs assessment system" for assessing—and, one hopes, for reducing—the risk that prisoners detained by the Federal Bureau of Prisons ("BOP") will re-offend and return to prison. *See* 18 U.S.C. § 3632(a). One component of that assessment system is the requirement that the BOP offer "evidence-based recidivism reduction programs" to prisoners. 18 U.S.C. § 3632(d). Inmates are incentivized to participate in this programming through additional phone and visitation privileges and other perks— including, for most federal prisoners, the ability to receive time off their sentence:

> A prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for

1

> recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

This matter is now before the Court on the petition for a writ of habeas corpus of petitioner Lindsey Sisson, filed pursuant to 28 U.S.C. § 2241.[1] Ms. Sisson is one of several federal prisoners housed at the Federal Correctional Institution in Waseca, Minnesota,[2] who in recent weeks have claimed that § 3632(d)(4)(A) is even more generous than it first appears. Ms. Sisson's claim for habeas relief goes like this: The FSA offers 10 or 15 days of time credits for each evidence-based recidivism reduction program in which a federal prisoner participates. Ms. Sisson has participated in *lots* of evidence-based recidivism reduction programs—fifteen of them in total in the year prior to the filing of her petition. (Pet. Ex. at 1, Dkt. No. 1.) By loading up on programming, Ms. Sisson argues, she has been able to amass 1,065 days of time credits since April 2022, or about three days' worth of time credits for each day that she has spent in prison during that time. The BOP, however,

---

[1] Specifically, Ms. Sisson's habeas petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Ms. Sisson's habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 cases may nevertheless be applied to her petition. *See* Rule 1(b).

[2] *See also Keahbone v. Segal*, No. 23-CV-0750 (WMW/JFD); *Rice v. Segal*, No. 23-CV-0751 (ECT/DJF); *White v. Segal*, No. 23-CV-0760 (PAM/DJF); *Milch v. Segal*, No. 23-CV-0838 (NEB/LIB); *Friday v. Segal*, No. 23-CV-0882 (PAM/ECW); *Garcia v. Segal*, No. 23-CV-0883 (JRT/LIB); *Robinson v. Segal*, No. 23-CV-0888 (WMW/DTS); *Barnes v. Segal*, No. 23-CV-0939 (JRT/DLM).

2

refuses to apply the bulk of these putative credits. Ms. Sisson now asks that the Court agree with her interpretation of the FSA, grant her habeas petition, and direct the BOP to apply all of the time credits that Ms. Sisson believes she has earned.

Ms. Sisson's interpretation of the FSA is wrong. Section 3632(d)(4)(A) does not require that the BOP award credits for each *program* completed. Instead, prisoners "shall earn 10 [or 15[3]] days of time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in just one program at a time is "participati[ng] in evidence-based recidivism reduction programming," just the same as another prisoner who loads up on fifty-one programs simultaneously, *id.*, and is equally eligible to receive the same amount of time credits—no more and no less. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)).

This Court does not believe the text of § 3632(d)(4)(A) to be ambiguous in this regard, and the text of § 3632(d)(4)(A) therefore ends the analysis. But even if the statutory language *were* ambiguous, Ms. Sisson would not be entitled to habeas relief unless the

---

[3] *See* 18 U.S.C. § 3632(d)(4)(A)(ii).

BOP's regulatory interpretation of § 3632(d)(4)(A) were an unreasonable one. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). The BOP's interpretation of § 3632(d)(4)(A) is consistent with this Court's view—under BOP regulations, prisoners are awarded credits based on days spent in programming, not the number of programs attended. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits."). Whether or not required by the text of § 3632(d)(4)(A), "the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable." *Bray*, 2023 WL 2894918, at *6.

    The plain language of the FSA does not mandate that prisoners be permitted to shave their sentences to a sliver by taking dozens of recidivism-reduction programs simultaneously. Accordingly, this Court concludes that Ms. Sisson is not entitled to habeas corpus relief and recommends that her Petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the petition for a writ of habeas corpus of Petitioner Lindsey Sisson (Dkt. No. 1) be **DENIED** and this matter be **DISMISSED**.

Dated: April 14, 2023                     *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).