# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LINDSEY SISSON, | Case No. 23-CV-548 (NEB/JFD) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| WARDEN MICHAEL SEGAL, | |
| Respondent. | |

Lindsey Sisson, proceeding *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. Section 2241. Sisson is an inmate at the Federal Correctional Institution in Waseca, Minnesota. She alleges that the Bureau of Prisons ("BOP") miscalculated her earned time credits under the First Step Act of 2018 ("FSA"). In the Report and Recommendation ("R&R"), United States Magistrate Judge John F. Docherty recommends that Sisson's petition be denied and this matter be dismissed. (ECF No. 5 ("R&R").) Sisson objects to the R&R.[1] (ECF No. 6.) Based on a *de novo* review, the Court overrules Sisson's objection and accepts the R&R.

---

[1] Sisson raises new claims and arguments unrelated to her petition in her objection and three subsequent addenda. (ECF No. 6; *see* ECF Nos. 7, 9–10.) A party cannot raise new arguments in an objection to an R&R. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). "To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Because Sisson failed to raise these claims and arguments before Judge Docherty, the Court will not consider them. *See Ridenour*, 679 F.3d at 1067.

The FSA provides that eligible prisoners earn time credits based on the number of "days" they participate in "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A)(i) ("A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming . . . ."); *see id.* § 3632(d)(4)(A)(ii) (providing that certain minimum or low-risk inmates "shall earn an additional 5 days of time credits for every 30 days of successful participation"). Sisson, who has taken several evidence-based recidivism reduction programs simultaneously, claims that the BOP miscalculated her time credits. (ECF No. 1 at 2, 6–9.) She calculates her time credits based on the number of evidence-based recidivism reduction *programs* she has completed, not the number of *days* she spent in those programs. (*See, e.g.*, ECF No. 1-2 at 1.)

The BOP interprets the FSA to award credits based on days spent in programming, not the number of programs. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day *period* that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits." (emphasis added)). This interpretation is consistent with the plain language of the statute: prisoners "earn . . . time credits for *every 30 days* of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). As far as this Court is aware, every court to have addressed this issue has agreed with the BOP's interpretation. *See, e.g.*, *Chicoine v. Segal*,

No. 23-CV-1217 (KMM/TNL), 2023 WL 5333772, at *1 (D. Minn. Aug. 18, 2023); *Marcks v. Segal*, No. 23-CV-1240 (WMW/DTS), 2023 WL 4203092, at *2 (D. Minn. June 27, 2023); *Robinson v. Segal*, No. 23-CV-0888 (WMW/DTS), 2023 WL 4203169, at *2 (D. Minn. June 27, 2023); *Do v. Segal*, No. 23-CV-1599 (JWB/DTS), 2023 WL 4215043, at *2 (D. Minn. May 31, 2023); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023).

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 5) is ACCEPTED;

2. Sisson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED; and

3. The action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: September 18, 2023              BY THE COURT:

                                       s/Nancy E. Brasel
                                       Nancy E. Brasel
                                       United States District Judge